IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENDALL KELLY, *et al*, | |
| *Plaintiffs*, | Civil Action No. 2:24-cv-1262 |
| v. | Hon. William S. Stickman IV |
| BRIDGE IT, INC., | |
| *Defendant*. | |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiffs filed a class action complaint ("Complaint") in the Court of Common Pleas of Allegheny County, Pennsylvania (Case No. GD-24-007471), which Defendant Bridge IT, Inc. ("Brigit") removed to this court. (ECF No. 1). The Complaint was amended to reflect that the matter is now Plaintiff Kendall Kelly ("Kelly"), individually and on behalf of the defined class, filing against Brigit. Kelly claims that Brigit violated the Loan Interest and Protection Law ("LIPL"), 41 P.S. §§ 101, *et seq.*, Consumer Discount Company Act ("CDCA"), 7 P.S. §§ 6201, *et seq.*, Truth-In-Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693, *et seq.*, and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1, *et seq*. Kelly has moved to remand the action to state court. The Court is deprived of federal question jurisdiction over Kelly's claims because all of the relevant federal claims have been dropped. Kelly's Motion for Remand (ECF No. 21) will be granted.

I.     STANDARD OF REVIEW

A civil action brought in state court can be removed by a defendant to federal district court under the general removal statute: 28 U.S.C. § 1441. Since federal courts are courts of limited jurisdiction, such removal is proper only if a district court would have original subject-matter jurisdiction over the action, either through diversity of citizenship or federal question jurisdiction. 28 U.S.C. § 1441(a); *Emps. Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (citation omitted). A lack of subject-matter jurisdiction is a mandatory basis for remand. 28 U.S.C. § 1447(c).

The presumption at every stage of litigation is that a district court lacks federal jurisdiction unless proven otherwise. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895) (internal citation omitted). A defendant retains the overall burden to show by the preponderance of the evidence that subject-matter jurisdiction exists and removal is proper. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Doubts as to jurisdiction must be resolved in favor of remand. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004).

The requirements for filing a motion to remand under 28 U.S.C. § 1447(c) parallels the requirements of Federal Rule of Civil Procedure 12(b)(1). *See Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 811 (3d Cir. 2016) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014)). A challenge to subject-matter jurisdiction under Rule 12(b)(1) may entail either a facial or factual attack. *Id.* (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). In reviewing a facial attack, a court assumes all factual allegations are true. *Id.* (citation omitted). In reviewing a factual attack, a court construes all factual allegations in a light most favorable to

the movant as it would otherwise do under Federal Rule of Civil Procedure 12(b)(6). *Id.* (quoting *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n*, 790 F.3d 457, 466 (3d Cir. 2015)); *Leite*, 749 F.3d at 1121 (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). In either case, a defendant retains the overall burden of demonstrating that subject-matter jurisdiction exists. *Boyer*, 913 F.2d at 111; *McNutt*, 298 U.S. at 189.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Kelly is an individual who resides in Allegheny County, Pennsylvania, and Brigit is a technology company headquartered in New York, New York. (ECF No. 17, ¶¶ 6-7). Brigit is an app that provides users with cash advances up to $250 if they satisfy proprietary underwriting criteria. (*Id.* at ¶¶ 9-10). To obtain an advance, users link their bank account to the app authorizing Brigit to automatically debit the linked bank account, repaying Brigit's advances and fees on payday. (*Id.* at ¶ 10). Kelly alleges that the above requirements have resulted in Brigit obtaining repayment on virtually every advance it issues to a customer. (*Id.* at ¶ 12). Kelly was a Brigit customer, and the advances she received, used for personal, family, and/or household purposes, allegedly yielded triple-digit annual percentage rates ("APRs"). (*Id.* at ¶ 25). With an advance repayment schedule of two weeks or less, Kelly claims her advances yielded APRs of 572.63% or more, which far exceeds the 6% APR limit under Pennsylvania law. (*Id.* at ¶¶ 27-28). Kelly also alleges that during the time she used Brigit's app, Brigit failed to inform its users at any point during the 18-screen sign up process, that they would be required to arbitrate their claims by using the app, or that they would be required to waive their right to a jury trial. (*Id.* at ¶ 33, 56-58). As a result, Kelly sought to certify "all persons who obtained an advance or loan

from Defendant within the statute of limitations while they resided in Pennsylvania" as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. (*Id.* at ¶¶ 59-60).

Plaintiffs Richard Radomski, Dennis Coffman, and Kendall Kelly filed the initial Complaint in this action on or about July 11, 2024. (ECF No. 21, ¶ 1). On September 5, 2024, Brigit removed this action pursuant to 28 U.S.C § 1441 invoking federal question jurisdiction under 28 U.S.C. § 1331 arguing that Plaintiffs' TILA and EFTA claims arose under federal law. (*Id.* at ¶ 2). The Court then granted Plaintiffs Richard Radomski and Dennis Coffman's Notice of Voluntary Dismissal on November 26, 2024. (*Id.* at ¶ 3). Kelly then filed her First Amended Class Action Complaint ("Amended Complaint") on November 26, 2024 (ECF No. 17), and the instant Motion for Remand on December 9, 2024 (ECF No. 21), asserting that only issues pertaining to Pennsylvania state law remain, including LIPL and CDCA claims. (*Id.* at ¶ 4). Brigit, in its Brief in Opposition to Motion for Remand (ECF No. 29), argues that even though Kelly dropped her federal claims, the Court retains jurisdiction over this action because an independent basis for original jurisdiction exists under the Class Action Fairness Act ("CAFA").

### III.     ANALYSIS

**A. The Court no longer has federal question jurisdiction because the Amended Complaint removed all federal law claims.**

Brigit removed this action on September 5, 2024, pursuant to 28 U.S.C. § 1441, invoking federal question jurisdiction under 28 U.S.C § 1331, because Kelly's TILA and EFTA claims arose under the federal laws of the United States. (ECF No. 1, ¶¶ 2-4). Kelly then filed her Amended Complaint on November 26, 2024, asserting issues that pertain solely to Pennsylvania state law, including LIPL and CDCA claims. (ECF No. 17, ¶¶ 4, 28, 29, 66-73).

As stated above, a lack of subject-matter jurisdiction is a mandatory basis for remand. 28 U.S.C. § 1447(c). The United States Court of Appeals for the Third Circuit has recognized that

4

"where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (*citing Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). The Supreme Court of the United States held in a recent decision, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), that district courts must remand actions removed pursuant to federal question jurisdiction when the federal claims have been dropped. This action will be remanded to state court due to Kelly's Amended Complaint lacking the federal law claims that once provided the basis for removal. *Id.* at 25. The Court, therefore, declines to exercise supplemental jurisdiction over Kelly's state claims.

### B. Brigit's Notice of Removal cannot support jurisdiction because it did not plead CAFA as a basis for removal.

1. CAFA jurisdictional elements

Brigit argues that the CAFA requirements are met, giving the Court an independent basis to exercise original jurisdiction and making remand improper. Federal district courts have jurisdiction over cases under CAFA when (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; (2) there are at least 100 members of the class; and (3) "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6). To determine whether the CAFA jurisdictional requirements are satisfied, a court evaluates allegations in the operative complaint. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014).

Here, the Amended Complaint alleges that Kelly is a citizen of and resides in Allegheny County, Pennsylvania, and that Brigit's company is headquartered in New York. (ECF No. 17,

5

¶¶ 6-7). This satisfies the class member diversity requirement of the first element. As to the second element, Kelly states in the Amended Complaint that she seeks to certify the following class: "all persons who obtained an advance or loan from Defendant within the statute of limitations while they resided in Pennsylvania." (*Id.* at ¶ 60). As Brigit alleges in its opposition to Kelly's motion for remand, the evidence before the Court clearly establishes that Kelly's desired class would exceed 50,000 putative class members, if certified. (ECF No. 29, p. 6). Brigit cites testimony from its vice president of compliance that if certified, Kelly's putative class would have at least 100 members because during the relevant time period, more than 50,000 individuals who were identified as Pennsylvania residents obtained an advance from Brigit. (ECF No. 29-1, ¶ 7). Kelly further alleges in the Amended Complaint that "joinder of the class members is impracticable," and that "requiring Plaintiff and the class members to file individual actions would impose a crushing burden on the court system and almost certainly lead to inconsistent judgments." (ECF No. 17, ¶¶ 61, 65). Based on these allegations, the Court can find that Kelly's putative class exceeds the required 100 class members. As to the third element, Brigit alleges that the damages sought in the Amended Complaint satisfy this final element. Kelly alleges that Brigit charged a prohibited "per advance fee" of $0.99 - $4.99 and a prohibited monthly fee of $8.99 – $14.99. (*Id.* at ¶¶ 17, 21). "If the Court were to find that such charges were prohibited by the LIPL and Brigit were required to refund such fees paid by each member of the putative class, the amount refunded would exceed $5 million." (ECF No. 29, p. 8). Further, because both the LIPL permits and the Amended Complaint seek a treble award of that amount, plus attorney's fees, the operative complaint satisfies the jurisdictional amount for purposes of CAFA jurisdiction. (*Id*). Due to Brigit's confirmation that the aggregated claims satisfy the amount in controversy requirement, the Court finds that the third element is likely

satisfied. However, even if the Court found an independent jurisdictional basis via CAFA, Brigit never pled CAFA as a basis for removal in its removal petition.

2. Brigit waived its reliance upon CAFA as a basis for federal jurisdiction.

"The failure to state a potential basis for federal jurisdiction in a notice of removal constitutes wavier of any reliance on such jurisdictional basis." *Jessup v. Cont'l Motors, Inc.* No. 12-CV-4439, 2013 WL 309895, at *3 n.6 (E.D. Pa. Jan. 24, 2013) (See also *Kovach v Coventry Health Care, Inc.*, No. 02:10-CV-00536, 2011 WL 284174 (W.D. Pa. Jan. 25, 2011)). A defendant cannot amend its notice of removal to "create an entirely new basis for jurisdiction." *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 214 (3d Cir. 2014). Amendment of the removal notice . . . may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount . . . completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n. 11 (3d Cir. 2003). Specifically, courts have held that a defendant cannot amend its notice of removal to assert CAFA as a basis for removal jurisdiction. *Martin v. LVNV Funding, LLC*, No 4:20-CV-01414-MTS, 2021 WL 2894741 (E.D. Mo. July 9, 2020); *Cooper v. United Auto Credit Corp.*, No. CIV. AMD 09-346, 2009 WL 1010554 (D. Md. Apr. 14, 2009). To decide whether CAFA's jurisdictional requirements are satisfied, a court will consider the allegations in the complaint and in the defendant's notice of removal. *Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 3d 568, 602 (D.N.J. 2016) (*citing Judon*, 773 F.3d at 500 (3d Cir. 2014)).

Here, Brigit removed this action to federal court in the Western District of Pennsylvania pursuant to 28 U.S.C § 1441, exclusively relying upon federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1, ¶ 3); (ECF No. 30, p. 2). Nowhere in this notice of removal did

7

Brigit plead CAFA as a basis for removal of this action. (*Id.*). Further, as Kelly pointed out in her Reply in Support of Plaintiff's Motion for Remand (ECF No. 30), Brigit failed to both amend its notice of removal within the initial 30-day period for filing the notice and failed to seek leave to amend its notice of removal within the 30-day period after Kelly filed her Amended Complaint. (*Id.* at p. 3 n. 1). As aptly argued by Kelly, had Brigit wished to plead CAFA as a basis for removal, it could and should have done so in its original notice of removal. The Court finds that Brigit effectively waived its reliance upon CAFA as grounds for original jurisdiction by its failure to include it in the notice for removal. Brigit will also not be allowed to amend the notice as it would create an entirely new basis for jurisdiction. Thus, the Court grants Kelly's Motion for Remand.

### IV.  CONCLUSION

For the foregoing reasons, Kelly's Motion for Remand will be granted. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE